UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DIANE PARRISH,

       Plaintiff,

vs.                                    Case No.   3:07-cv-1043-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

       Defendant.
_____

### OPINION AND ORDER[1]

### I. Status

This cause is before the Court seeking review of the final decision of the Commissioner of Social Security (Commissioner) terminating Plaintiff's Disability Insurance Benefits (DIB) under the Social Security Act.  Administrative remedies have been exhausted[2] and the case is properly before the Court.

---

    [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #15).

    [2] According to Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #16; Memorandum), subsequent to the most recent remand from federal district court, "[a] new hearing was held [and the] Administrative Law Judge [(ALJ)] . . . entered an unfavorable decision[.]  This third appeal . . . followed."  Memorandum at 2-3 (citation to record omitted).  There is no indication a request for Appeals Council review was ever filed, as had been done in relation to the ALJ decision following the first remand.  *See id.* at 2.
    The Commissioner's rendition of procedural history states that after the latest ALJ ruling, "Plaintiff requested review of this decision (Tr. 7-8).  The Appeals Council denied Plaintiff's request for review (Tr. 4-5)." Memorandum in Support of the Commissioner's Decision (Doc. #19) at 2.  However, the cited pages

Plaintiff was awarded benefits effective November 19, 1990. However, on August 18, 1995, the Commissioner determined Plaintiff's disability ceased as of August, 1995. Additional administrative review and two remands from federal court followed. Most recently, in a Decision dated August 27, 2007, Administrative Law Judge (ALJ) Gerald F. Murray again found Ms. Parrish's disability ceased as of August 1, 1995. Transcript of Administrative Proceedings (Tr.) at 463, 473. On appeal, Claimant argues the judge "failed to follow the law governing medical improvement[.]" Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #16; Memorandum) at 8 (emphasis and capitalization omitted). Moreover, she contends he "violated the 11th Circuit's pain standard[.]" *Id.* at 10 (emphasis and capitalization omitted). Lastly, it is maintained the ALJ erroneously "gave no weight to [her] New York Workers' Compensation Award." *Id.* at 11.

## II. Standard of Review

The Commissioner periodically conducts "continuing disability reviews to determine whether or not [a claimant] continue[s] to meet the disability requirements of the law." 20 C.F.R. § 404.1590(a). In evaluating whether a claimant continues to be

---

of the transcript date from 1997 and 1998. Nevertheless, because the case had been remanded by a federal court, even absent such a request the ALJ's decision became "the final decision of the Commissioner[.]" 20 C.F.R. § 404.984(d).

disabled, the ALJ must follow the sequential inquiry described in the regulations.[3] The Commissioner "will consider all [the claimant's] current impairments not just that impairment(s) present at the time of the most recent favorable determination." *Id.* § 404.1594(b)(5). "The new impairment(s) need not be expected to last 12 months or to result in death, but it must be severe enough to keep [the claimant] from doing substantial gainful activity, or severe enough so that [he or she is] still disabled under § 404.1594." *Id.* § 404.1598. In a termination of benefits case, the Court should consider whether substantial evidence supports the conclusion that "there has been . . . medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and . . . the individual is now able to engage in substantial gainful activity[.]" 42 U.S.C. § 423(f)(1).

---

[3] The process involves eight questions posed until a finding of continued disability is either precluded or mandated. The questions are as follows: (1) Is the claimant engaged in substantial gainful activity?; (2) If not, does the claimant "have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart?"; (3) If not, "has there been medical improvement as defined in paragraph (b)(1) of this section?"; (4) If yes, is the medical improvement related to the claimant's ability to do work?; (5) If there has been no medical improvement or the medical improvement is not related to the claimant's ability to do work, are "any of the exceptions in paragraphs (d) and (e)" applicable?; (6) If an exception applies or the medical improvement is related to the claimant's ability to do work, are the claimant's current impairments, when considered in combination, severe?; (7) If yes, can the claimant perform his or her past work?; (8) If not, can he or she engage in other work of the sort found in the national economy? *Id.* § 404.1594(f)(1)-(8).

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Analysis

   A.   Medical Improvement

According to Claimant, the "ALJ again erred in his finding that there has been medical improvement in [her] condition." Memorandum at 8. She claims the judge "failed to articulate how [her] condition had medically improved[,]" *id.* at 9, and "ignored [a] report and assessment which unequivocally show" a lack of improvement. *Id.* at 10.

Concerning the judge's previous Decision, the Court determined he "did not err in determining Plaintiff experienced medical improvement." Tr. at 511 (Report and Recommendation); *see also id.* at 498 (Order adopting Report and Recommendation), 467 (ALJ finding of medical improvement). Hence, Plaintiff's allegation "the ALJ again erred" in this regard, Memorandum at 8, is a bit perplexing. *See also* Memorandum in Support of the Commissioner's Decision (Doc. #19; Opposition) at 6 ("[T]he ALJ noted that this Court affirmed the prior decision, dated February 11, 2003, to the extent that it established the medical improvement had occurred. Therefore, the ALJ incorporated the analysis in the prior decision into the present decision[.]"). In any event, she urges the ALJ's finding is undermined by a 2007 (but actually, 2002) consultative examination yielding new diagnostic labels but indicating her residual functional capacity falls beneath a level permitting the

-5-

performance of substantial gainful activity. Memorandum at 9-10; *cf.* Tr. at 397-402. Yet the evaluation at issue does not even purport to encompass the period during which the initial improvement was found to have occurred. As the judge previously stated, it does not show "the claimant was suffering from these limitations on August 1, 1995, when her disability" allegedly ceased. Tr. at 348; *see also id.* at 467 (incorporating prior analysis).

**B. Pain Standard**

Plaintiff next asserts the judge "failed to give great weight to [her] testimony regarding her chronic pain." Memorandum at 10. She develops no argument in this regard, other than to suggest parenthetically that the ALJ omitted any explanation of why her complaints were discredited. *See id.* at 11.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence. If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility." *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

In compliance with the Court's instructions, the ALJ reevaluated Claimant's pain complaints. *See* Tr. at 468-70. His

-7-

expanded discussion, while "not specifically referenc[ing] the 11th Circuit pain standard[,]" Opposition at 10, reveals careful consideration of the evidence and, contrary to Plaintiff's suggestion, includes reasons for rejecting her credibility. For instance, the judge evaluated her "lack of ongoing treatment" and considered whether it was in fact "related to financial constraints." Tr. at 468. He provided analysis of the efficacy and side effects associated with medication. *See id.* at 469. He discussed medical expert testimony, *see id.* at 469-70, including the opinion "that the claimant's allegations of pain did not correlate with her objective abnormalities." *Id.* at 470. To simply declare the judge failed to provide reasoning, then, is insufficient to reveal any error.

### C. Workers' Compensation Award

Finally, Ms. Parrish takes issue with the weight afforded her workers' compensation award. She characterizes the judge's "assert[ion] that [she has] not show[n] him why [she] was awarded Workers' Compensation[] and Permanent Total Disability Benefits" as "willful blindness" since the "Commissioner knows full well (R163) that [she] receives $300.00 per week in Workers' Compensation benefits and (R117) the basis of her permanent and total disability [are] her back, left hip and left ankle injuries." Memorandum at 11.

The Court previously "agree[d] with the Commissioner that it [was] rather disingenuous of Plaintiff's counsel to argue the ALJ erred in considering Plaintiff's workers' compensation award when counsel failed to provide him with any information regarding the award." Tr. at 518. Nevertheless, as the case was "being remanded for further evaluation," the judge was directed "to obtain documentation regarding Plaintiff's award of workers' compensation benefits and consider that information in rendering his opinion." *Id.*

In his Decision, the ALJ explained that

> neither the claimant nor her representative . . . submitted any documentation about the claimant's worker's compensation claim, the rationale for the finding of permanent disability, or any other information related to her receipt of disability payments from either City or State of New York. . . . Based on the lack of any forthcoming evidence, or any information that would allow the Administrative Law Judge to develop the issue, the Administrative Law Judge is unable to follow the District Court's Order to consider this information in rendering the opinion as no weight can be assigned to the New York decision as it may have included factors which are not germane to the issue of disability under the Social Security Act.

*Id.* at 470, 472.

Although he was instructed "to obtain documentation" concerning the workers' compensation award, *id.* at 518, the judge does not explain what, if any, efforts he undertook. At the July 2007 hearing, the topic of workers' compensation was addressed only to the extent the ALJ asked if Plaintiff had "a worker's comp case or a disability claim or what, when [she was] working up in New

York[,]" *id.* at 541, and then inquired whether she receives "some sort of a pension or payment or something because of [her] disability[.]" *Id.* at 542. This was plainly insufficient to constitute compliance with the relevant remand instruction. Additionally, the Workers' Compensation Board Report of Medical Examination cited by Plaintiff expresses opinions regarding her physical problems and arguably relates to the basis for the award. *See id.* at 117. As the judge makes no mention of the report, it appears he may have overlooked it.[4]

Nevertheless, under the circumstances of this case the Court does not perceive yet another remand as necessary. While an ALJ is required to give weight to the agency's finding, he is not bound by it. Moreover, the documentation at issue is from 1990, prior to the Social Security Administration's most recent determination that Plaintiff was disabled and predating by approximately five years the period for which medical improvement has been found. Even requiring deference to the opinion would not undermine the finding of subsequent improvement. The importance of the workers' compensation information is thus dramatically diminished. Perhaps this is in part why the issue was not described as an independent basis for remand in the first place. *Cf. id.* at 518. Since it is

---

[4] It is immaterial whether Claimant's "attorney previously admitted that there was no documentation of the basis for the finding of permanent disability in the record[.]" *Id.* at 470.

apparent sending the matter back again would serve no real purpose, the case will be affirmed.

### IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of September, 2008.

        /s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any